**FILED**
**Nov 20, 2018**
**10:54 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **IMAD LAGEL,** | ) | **Docket No. 2018-06-0130** |
| | ) | |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **ELWOOD STAFFING SERVICES, LLC,** | ) | **State File No. 54870-2016** |
| | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **ZURICH AMERICAN INS. CO.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This case came before the Court on November 19, 2018, for a hearing of Elwood Staffing's motion for summary judgment. Imad Lagel did not respond to the motion. The Court grants Elwood's motion and dismisses this claim with prejudice.

### Procedural History and Material Facts

The Court previously convened an expedited hearing and issued an order denying Mr. Lagel's request for additoinal medical benefits. Elwood's motion for summary judgment followed. As Mr. Lagel filed no response to the motion, the Court's factual summary comes entirely from Elwood's statement of undisputed material facts.

Mr. Lagel worked as a temporary employee for Elwood Staffing. On July 19, 2016, he developed right foot pain and swelling while stacking boxes onto pallets. Elwood authorized treatment and, after an emergency-room visit, Mr. Lagel chose U.S. Healthworks from a panel of physicians. There, Dr. Harold V. Nevels diagnosed a right ankle sprain but discharged him to full duty work on July 20, 2016. On July 23, Dr. Nevels placed him at maximum medical improvement (MMI). His pain resolved but he

quit working for Elwood about a week after the date of his alleged injury.

On August 9, 2016, Mr. Lagel returned to the emergency room when his pain reemerged. The ER physician diagnosed him with gout, and his symptoms calmed somewhat after this second ER visit.

Then, in 2017, Mr. Lagel again began experiencing foot pain and went on his own to Vanderbilt University Medical Center. Mr. Lagel then filed a Petition for Benefit Determination and the adjuster agreed to authorize a follow-up visit with Dr. Nevels.

At the follow-up, Dr. Nevels determined Mr. Lagel's symptoms were unrelated to his July 19, 2016, work-related injury. Instead, Dr. Nevels determined his foot and ankle pain resulted from osteoarthritic changes.

## Law and Analysis

Tennessee Rule of Civil Procedure 56.04 states summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Elwood must either submit affirmative evidence that negates an essential element of Mr. Lagel's claim or demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Elwood carries this burden, then Mr. Lagel "may not rest upon the mere allegations or denials of [his] pleading" but must respond by producing facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. The Court holds that Elwood met its burden of demonstrating Mr. Lagel cannot establish an essential elements of his case—the causal relationship between is workplace injury and his need for medical treatment.

Mr. Lagel failed to respond to the motion. While his failure to respond does not mandate entry of summary judgment, it does prevent him from disputing any of the facts asserted in Elwood's statement of material facts. *See United Serv's Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, *4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes."). Additionally, although Mr. Lagel represents himself in this claim, he still "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015). Accordingly, because he failed to respond to the motion, the Court accepts the facts provided by Elwood: chiefly that Dr. Nevels found no causal relationship between his workplace accident and his ongoing need for medical treatment for an unrelated condition.

The central focus of Elwood's motion is that Mr. Lagel cannot prove his need for additional medical treatment arose from his January 19, 2016 workplace accident due to a lack of medical proof. *See Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) ("In all but the most simple and routine cases, an employee must prove the causal relationship between an injury and a workplace accident through expert medical proof."). As the nonmoving party, Mr. Lagel must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye,* at 265. "The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, *not on hypothetical evidence that theoretically could be adduced . . . at a future trial*." *Id.* (Emphasis added.)

All the evidence supports the finding that Mr. Lagel's need for medical treatment stemmed from either his preexisting gout or an osteoarthritic condition unrelated to his work for Elwood. Because Mr. Lagel failed to respond with any expert proof to support a causal connection between his workplace injury and his current need for medical treatment, he failed to carry this burden.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Elwood's motion for summary judgment and dismisses Mr. Lagel's claim with prejudice to its refiling.

2. Absent an appeal to the Appeals Board, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Elwood under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

4. Elwood shall pay the filing fee within five business days of the order becoming final.

5. Elwood shall file form SD-2 with the clerk, via email at wc.courtcleerk@tn.gov, within ten business days of this order becoming final.

**IT IS SO ORDERED.**

**ENTERED ON NOVEMBER 20, 2018.**

3

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on November 20, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Imad Lagel, Self-represented Employee | X | | X | 5756 Mount View Rd. Antioch, TN  37013 Lg_imad@hotmail.com |
| David Deming, Employer's Attorney | | | X | ddeming@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____ day of_____, 20___ .

[Signature of appellant or attorney for appellant]      _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

    Groceries         $ _____ per month     Telephone      $ _____ per month

    Electricity       $ _____ per month     School Supplies $ _____ per month

    Water             $ _____ per month     Clothing       $ _____ per month

    Gas               $ _____ per month     Child Care     $ _____ per month

    Transportation    $ _____ per month     Child Support  $ _____ per month

    Car               $_____ per month

    Other             $ _____ per month (describe: _____ )

10. Assets:

    Automobile            $ _____     (FMV) _____

    Checking/Savings Acct. $ _____

    House                 $ _____     (FMV) _____

    Other                 $ _____     Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                        RDA 11082